AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>TYLER SEAN MANCUSO (1) | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:23-CR-00022-TWR<br><br>George Gedulin<br>Defendant's Attorney |

**FILED**
MAY 1 5 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**USM Number** 07061-506

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1343, 28:2431(c) - Wire Fraud, Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed
   –

☐ JVTA Assessment*: $
   –

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine      ☒ Forfeiture pursuant to order filed   3/6/2023  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 12, 2023
Date of Imposition of Sentence

*Todd Robinson* (signature)

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

| DEFENDANT: | TYLER SEAN MANCUSO (1) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:23-CR-00022-TWR | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 24 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
  1. Designation to a facility in the south west region.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at _____ A.M.   on _____
  ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ on or before 8/17/2023 at 12:00PM
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | TYLER SEAN MANCUSO (1) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:23-CR-00022-TWR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:23-CR-00022-TWR

| | | |
|---|---|---|
| DEFENDANT: | TYLER SEAN MANCUSO (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:23-CR-00022-TWR | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| | | |
|---|---|---|
| DEFENDANT: | TYLER SEAN MANCUSO (1) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:23-CR-00022-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

5. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

FILED

MAR 6 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SEAN MANCUSO,<br><br>Defendant. | Case No. 23cr00022-TWR<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information the United States sought forfeiture of all right, title, and interest in all properties of Defendant TYLER SEAN MANCUSO ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as any property, real or personal, which constitutes or was derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343, as charged in Count 1 of the Information; and,

WHEREAS, on or about February 13, 2023, Defendant pled guilty before United States Magistrate Judge Mitchell D. Dembin to the offense set forth in Count 1 of the Information, charging Defendant with wire fraud in violation of Title 18, United States Code, Section 1343; and

WHEREAS, as part of his guilty plea, Defendant admitted that the properties described in paragraphs (a) through (e) below are properties he obtained from his offense, and represents properties which constitute and are derived from proceeds traceable to his violation of Title 18, United States Code, Section 1343, and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and

WHEREAS, as part of his guilty plea Defendant consented to the forfeiture allegations of the Information, and agreed pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), to forfeit all of his rights, title, and interest in all properties seized in connection with this case, including but not limited to the following:

a. $8,576,800.00 in funds seized from Torrey Pines/Western Alliance Bank Account X1396 held in the name of WC3 Wholesale, Inc;

b. $4,029.43 in funds seized from Chase Bank Account X6251 held in the name of DOWN4EARTH;

c. $297,470.66 in funds seized from Chase N.A. Account X7667, held by Tyler Mancuso;

d. $1,406.00 U.S. Currency seized from a 2014 BMW, VIN 5UXFG8C53EL593322, registered to John Koepke and in the possession of Tyler Mancuso, $400.00 of which was from Mancuso's person;

e. $133,308.18 in funds from Bank Account X3885 in the name of Oxford Gold Group, Inc. at Bank of America, San Diego, California; and

WHEREAS, on, 3/1/2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the properties and the offense; and

1  WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, at this time, the United States seeks to forfeit Defendant's interest in: the $8,576,800.00 in funds seized from Torrey Pines/Western Alliance Bank Account X1396 held in the name of WC3 Wholesale, Inc., and the $1,406.00 in U.S. Currency seized from a 2014 BMW, VIN 5UXFG8C53EL593322, registered to John Kopeke and in the possession of Tyler Mancuso, $400 of which was from Mancuso's person, but requests that the court authorize the United States to maintain possession of the $8,576,800.00 in funds and the $1,406 in U.S. Currency and hold in abeyance notice of third party ancillary proceedings, pending further Order by the Court based upon the Rule 41(g) motion by the victim from whom the funds were stolen; and

WHEREAS, Defendant, through his guilty plea and plea agreement has forfeited all of his right, title, interest, and any claim to the $8,576,800.00 in funds seized from Torrey Pines/Western Alliance Bank Account X1396 held in the name of WC3 Wholesale, Inc. and the $1,406.00 in U.S. Currency seized from a 2014 BMW, VIN 5UXFG8C53EL593322, registered to John Kopeke and in the possession of Tyler Mancuso, $400 of which was from Mancuso's person. Defendant admitted that the $8,576,800.00 in funds and the $1,406 in U.S. Currency is property he obtained from his offense, and represents property which constitutes and is derived from proceeds traceable to his violation of Title 18, United States Code, Section 1343, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties, which are hereby found forfeitable by the Court; and

1  WHEREAS, the United States, having submitted the Order herein to the Defendant
2  through his attorney of record, to review, and no objections having been received;
3  Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
4  1. Based upon the guilty plea of the Defendant to Count 1 of the Information,
5  all right, title, interest, and any claim of Defendant TYLER SEAN MANCUSO is forfeited
6  as to the $8,576,800.00 in funds seized from Torrey Pines/Western Alliance Bank Account
7  X1396 held in the name of WC3 Wholesale, Inc., and the $1,406.00 in U.S. Currency
8  seized from a 2014 BMW, VIN 5UXFG8C53EL593322, registered to John Kopeke and in
9  the possession of Tyler Mancuso, $400 of which was from Mancuso's person. The United
10 States is authorized to continue to maintain possession of the funds and to hold in abeyance
11 all notice of third party proceedings pending the Order on the Rule 41(g) motion by the
12 victim from whom the funds were stolen.
13 2. Based upon the guilty plea of the Defendant to Count 1 of the Information,
14 the United States is hereby authorized to take custody and control of the following
15 properties, and all right, title and interest of Defendant TYLER SEAN MANCUSO in the
16 following properties are hereby forfeited to the United States pursuant to Title 18, United
17 States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), for
18 disposition in accordance with the law, subject to the provisions of Title 21, United States
19 Code, Section 853(n):
20   b. $4,029.43 in funds seized from Chase Bank Account X6251 held in
21      the name of DOWN4EARTH;
22   c. $297,470.66 in funds seized from Chase N.A. Account X7667, held
23      by Tyler Mancuso;
24   d. $133,308.18 in funds from Bank Account X3885 in the name of
25      Oxford Gold Group, Inc. at Bank of America, San Diego,
26      California.
27 3. The aforementioned forfeited assets are to be held by the Federal Bureau of
28 Investigation and United States Marshal Service in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) as to the aforementioned assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 3/6/23

Honorable Todd W. Robinson
United States District Judge